UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE KAPLAN, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-00153-NAB |
| ) | |
| BRETT EVANS, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**
**ON PLAINTIFF'S MOTIONS TO FILE**
**AMENDED COMPLAINTS**

Presently before the Court are Plaintiffs' Motions for Leave to File a Second Amended Complaint and Plaintiffs' Motion for Leave to File a Third Amended Complaint.[1] [Doc. 36]; [Doc. 38]. Defendants filed memorandum in opposition to both motions. [Doc. 37]; [Doc. 39]. Plaintiffs filed a reply. [Doc.40]. Having fully considered the arguments set forth by the parties and the proposed amendments to the complaint, the Court denies Plaintiffs' motions for leave to file the amended complaints..

**Procedural Background**

On January 21, 2011, Plaintiffs filed the instant action. [Doc. 1]. On April 15, 2011, the Court granted Plaintiffs leave to file their First Amended Complaint. [Doc. 24]; [Doc. 25]. On April 18, 2011, the Court entered a Case Management Order in this matter, under which additional parties were to be joined in this action no later than May 13, 2011 and discovery was to be completed by January 13, 2012. [Doc. 21]. On September 23, 2011, over five months after the expiration of the date to join additional parties, and after Defendants' Motion to Dismiss the

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the undersigned United States Magistrate.

First Amended Complaint had been fully briefed, Plaintiffs filed a Motion for Leave to File their Second Amended Complaint, to which Defendants objected. [Doc. 36]. Two weeks later, on October 7, 2011, Plaintiffs filed a Motion for Leave to File their Third Amended Complaint. [Doc. 38]. The proposed second and third amended complaints seek to add class allegations to the facts and claims alleged in the First Amended Complaint.

## Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should "freely" give leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a). However, a Court may deny leave to amend a complaint where the proposed amendments do not cure the deficiencies in the original complaint. *Detroit Gen. Ret. Sys. v. Medtronic, Inc.*, 621 F.3d 800, 809 (8th Cir. 2010) (District Court may deny leave to amend on the basis of futility); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 558 (8th Cir. 2006) (District Court did not err in denying leave to amend where proposed amendments did not eliminate the complaint's deficiency of failing to satisfy the heightened pleading standard of Rule 9(b)); *see also Process Controls Intern., Inc. v. Emerson Process Mgmt.*, No. 4:10CV645 CDP, 2011 WL 403121, at *2 (E.D. Mo. Feb. 1, 2011) (denying motion to amend in part because the proposed amendments failed to cure the deficiencies in the original complaint).

Here, the proposed amendments, in both proposed complaints, fail to cure the deficiencies in the First Amended Complaint. Specifically, the proposed second and third amended complaints allege RICO violations, but they fail to adequately plead the required elements of bank fraud, mail fraud and wire fraud, and the proposed amended complaints fail to satisfy the heightened standards of Rule 9(b) of the Federal Rules of Civil Procedure. The proposed amended complaints propose very few, if any, new substantive facts; instead, the proposed complaints merely attempt to transform the allegations contained in the First Amended

2

Complaint into class allegations by adding class language to the facts of the First Amended Complaint.  Therefore, the Court finds that the proposed amendments are futile, and the Court denies Plaintiffs motions for leave to file the amended complaints.  *See Detroit Gen.*, 621 F.3d at 809; *Joshi*, 441 F.3d at 558; *Process Controls Intern.*, 2011 WL 403121, at *2.

As noted above, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint.  [Doc. 24].  The parties fully briefed that motion.  Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint is addressed in a separate Memorandum and Order, entered on this same day.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Motion for Leave to File a Second Amended Complaint is **DENIED**.  [Doc. 36].

**IT IS FURTHER ORDERED** that Plaintiffs Motion for Leave to File a Third Amended Complaint is **DENIED**.  [Doc. 38].

Dated this 22nd day of December, 2011.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE