UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE P. KAPLAN, et al,  )  )  Plaintiffs,  )  )  vs.  )  )  BRETT EVANS, et al,  )  )  Defendants.  ) | Case No. 4:11-CV-00153-NAB |

**MEMORANDUM OPINION
ON DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT**

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.[1] [Doc. 24]. Defendants filed a memorandum in support of the motion. [Doc. 25]. Plaintiffs filed a memorandum in opposition to the motion. [Doc. 26]. Defendants filed a reply. [Doc. 27]. Having fully considered the arguments set forth by the parties, the Court grants Defendants' motion to dismiss.[2]

**Factual Background**

On April 15, 2011, Plaintiffs filed a First Amended Complaint ("Amended Complaint"), asserting two claims against Defendants. Plaintiffs allege one count under the federal Racketeering Influenced Corrupt Organization Act ("RICO"), and state a law count of fraud. Plaintiffs allege that Defendants owned and operated NCS of Oklahoma, LLC ( "NCS"), and that through NCS, Defendants attempted to and did obtain money from Plaintiffs for an outstanding debt that Plaintiffs allegedly owed Hollywood Video, a bankrupt entity. Plaintiffs allege that the

---

[1]There are two Defendants in this action, Brett Evans and Jamie Watson; the Motion to Dismiss was filed on behalf of both Defendants.

[2]Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the undersigned United States Magistrate. [Doc. 23].

debt was false and that they were denied a home loan because Defendants reported the false debt to various credit reporting services. Defendants seeks to dismiss both counts of the complaint.

## Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (alteration in original) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Facial plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' ' " *Id*. (quoting *Twombly*, 550 U.S. at 557). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1950).

Although a court must accept as true all factual allegations in the complaint, the court is not bound to accept as true legal conclusions, even when couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Therefore, "[a] pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton*, 621 F.3d at

2

817-18 (citing *Iqbal*, 129 S. Ct. at 1949). It is under this general framework that the Court considers whether the instant complaint survives Defendants' motion to dismiss.

## Discussion

**Count I**: **RICO Claim**

In Count I of the Amended Complaint, Plaintiffs seek damages under the civil provisions of RICO. 18 U.S.C. § 1964. "RICO provides a private right of action for any person injured in his business or property by reason of a violation of its substantive prohibitions." *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted); *see also* 18 U.S.C. § 1964(c). Section 1962, a substantive provision of the RICO Act, makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c); *see also Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir. 2011) (quoting *Nistro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009). "A violation of § 1962(c) requires appellants to show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Nitro Distrib.*, 565 F.3d at 428 (quoting *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).[3]

"'Racketeering activity' is defined in RICO to mean 'any act or threat involving' specified state-law crimes, any 'act' indictable under various specified federal statutes, and certain federal 'offenses[.]'" *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 232 (1989) (quoting 18 U.S.C. § 1961(1)). These acts are referred to as the predicate acts which form the foundation of a RICO claim. *Challenger Powerboats, Inc. v. Evans*, No. 4:07CV85 TIA, 2007

---

[3] See 18 U.S.C. § 1961 for definitions of "racketeering activity" (§1961(1)); "enterprise" (§1961(4)); and "pattern of racketeering activity" (§1961(5)).

3

WL 2885346, at *4 (E.D. Mo. Sept. 27, 2007).  A pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after the effective date of [the RICO Act] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity . . ." 18 U.S.C. § 1961(5).  The Supreme Court has determined that proof of a pattern of racketeering requires a plaintiff to "show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Northwestern Bell*, 492 U.S. at 239.

In the present case, Plaintiffs allege mail fraud, wire fraud, and bank fraud as the predicate acts for the RICO claim.  A RICO claim that alleges fraud as the predicate acts for the claim must be pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  *See Murr Plumbing, Inc. v. Scerer Bros. Fin. Srvcs. Co.,* 48 F.3d 1066, 1069 (8th Cir. 1995); *Nitro*, 565 F.3d at 428; *Crest*, 660 F.3d at 353; *see also Challenger Powerboats*, 2007 WL 2885346, at *4.

In alleging fraud, a party must state with particularity the circumstances constituting the fraud.  Fed. R. Civ. P. 9(b).  "[T]o satisfy [Rule 9(b)], the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002).  "In other words, the complaint must plead the who, what, when, where, and how of the alleged fraud." *Drobnak*, 561 F.3d at 783 (citation omitted) (internal quotations omitted); *see also Crest*, 660 F.3d at 353.  Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.  *Drobnak*, 561 F.3d at 783.

Since Plaintiffs seek to establish a pattern of racketeering activity through the predicate acts of fraud, the Amended Complaint must plead at least two fraudulent acts with the particularity required by Rule 9(b).  *See* 18 U.S.C. § 1961(5) (pattern of racketeering activity requires at least two acts of racketeering activity); *See Murr Plumbing,* 48 F.3d at 1069 (RICO claim that alleges fraud as the predicate acts must be pled with the particularity required by Rule 9(b)).  If the predicate acts of fraud are sufficiently pled with the required particularity, the Court must then determine whether the predicate acts constitute a pattern of racketeering activity.  18 U.S.C. § 1962(c).

Plaintiffs' RICO claim asserts bank fraud,  mail fraud, and wire fraud as the predicate acts**.**

**Bank Fraud**

In support of the bank fraud predicate, Plaintiffs allege the following paragraph:

> 14(c)).  In actions involving transfer of the [Plaintiffs'] money to Defendants, under the false claim and pretense, Defendants, through the enterprise, NCS, knowingly committed the crime of Bank Fraud,  as defined by 18 U.S.C. § 1344. . . .

Defendants argue that the predicate act of bank fraud is insufficiently pled because bank fraud requires that a defendant deliberately make false representations to the bank.  The Court agrees.  In *United States v. Ponec*, the Eighth Circuit held that bank fraud requires a showing that a "defendant deliberately made false representations to the bank."  163 F.3d 486, 489 (8th Cir. 1998).  Here, Plaintiffs do not allege that Defendants deliberately made false representations to a bank.  Plaintiffs only allege that Defendants "knowingly committed the crime of Bank Fraud."  Without more, this allegation lacks sufficient factual content that would allow the court to draw the reasonable inference that Defendants are liable for bank fraud.  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  The claim is therefore not plausible.  *See Iqbal*, 129 S. Ct. at 1949 (Facial plausibility requires "more than a sheer possibility that a defendant has acted

unlawfully."). Further, Plaintiffs' conclusory allegation that Defendants committed bank fraud is insufficient to satisfy Rule 9(b). *See Drobnak*, 561 F.3d at 783 (Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy Rule 9(b)).

**Mail and Wire Fraud**

"When pled as RICO predicate acts, mail and wire fraud require a showing of: (1) a plan or scheme to defraud, (2) intent to defraud, (3) reasonable foreseeability that the mail or wires will be used, and (4) actual use of the mail or wires to further the scheme." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 406-07 (8th Cir. 1999)(citing *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995)).

Here, Count I of the Amended Complaint alleges the following in support of mail fraud and wire fraud:

> 7. Through NCS the Defendants fraudulently attempted to and did obtain money from [Plaintiffs] through use of the interstate telephone lines and by United States Mail.
>
> 8. Through NCS the Defendants fraudulently impaired the credit of the [Plaintiffs] in that Defendants deliberately and falsely notified three credit reporting services that the [Plaintiffs] owed money to Hollywood Video, a bankrupt entity.
>
> 10. Since at least 2008 through NCS the Defendants have similarly, falsely reported money due to Hollywood Video to various credit reporting services regarding thousands of other persons throughout the United States.
>
> 11. Defendants have falsely retained the money paid by [Plaintiffs] and other persons similarly affected
>
> 14(a). [Since at least 2008,] through the enterprise, NCS, Defendants provided false and misleading statements to various credit bureaus and put other documents in furtherance of the scheme in the US Mail, and thereby committed the crime of Mail Fraud, as defined under 18 U.S.C. § 1341.
>
> 14(b). [Since at least 2008,] Defendants, through the enterprise, NCS, in furtherance of the scheme, provided intentionally false statements to various credit bureaus regarding Plaintiffs and thousands of other individuals via telephone and fax, and thereby committed the crime of Wire Fraud, as defined under 18 U.S.C. § 1343.

Accepting Plaintiffs' allegations as true and drawing all reasonable inferences therefrom, Count I of the Amended Complaint sets forth what can fairly be construed as a plan or scheme. The plan or scheme involved reporting debts, allegedly owed to Hollywood Video, to credit reporting services in order to obtain and retain money from Plaintiffs and other persons. The Amended Complaint also adequately pleads that there was actual use of the mail or wires to further the scheme. Paragraphs 14(a) and 14(b) specifically plead that Defendants, in furtherance of the scheme, put documents in the U.S. Mail and used telephone and fax lines to provide statements to various credit bureaus regarding Plaintiffs and thousands of other individuals.

The Amended Complaint, however, fails to plead that there was a reasonable foreseeability that the mail or wires would be used in furtherance of the scheme. In addition, Count I of the Amended Complaint fails to allege that Defendants acted with the intent to defraud Plaintiffs. Intent may be pled generally. *See* Fed. R. Civ. P. 9(b). However, the above-quoted paragraphs fail to plead that Defendants acted with the intent to defraud. Paragraphs 7 and 8 allege that Defendants acted "fraudulently," however, such conclusory allegations do not set forth the requisite intent and need not be accepted as true. *See Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998); *Drobnak*, 561 F.3d at 783 (Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy Rule 9(b)). Pleading that a Defendant acted "fraudulently" no more satisfies the required elements of fraud than does pleading that a Defendant acted "negligently" satisfy the elements of a negligence cause of action. *See Crest*, 660 F.3d at 346 (noting that the use of such phrases as 'participation in a fraudulent scheme,' without more, is insufficient to formulate RICO claim).

Paragraph 8 alleges that Defendants "deliberately and falsely notified three credit reporting services that the [Plaintiffs] owed money to Hollywood Video[.]" Accepting this paragraph as true, it only establishes that Defendants "deliberately and falsely" notified credit reporting services of a debt that Plaintiffs allegedly owed; it does not establish that Defendants notified the credit reporting services with the required intent to defraud Plaintiffs. Even accepting as true that the debts were false, paragraph 8, as pled, leaves open the possibility that Defendants did not know the debts were false or that Defendants reported the debts by mistake. The Amended Complaint contains no allegations from which the Court can reasonably infer that Defendants had the intent to defraud; nothing in the Amended Complaint suggests that Defendants knew or should have known that the debts were false. *See Iqbal*, 129 S. Ct. at 1949 (Facial plausibility requires "more than a sheer possibility that a defendant has acted unlawfully.").

Paragraphs 14(a) and 14(b) conclusorily allege that Defendants committed the crimes of mail fraud and wire fraud, respectively. However, neither paragraph specifically alleges that Defendants intended to defraud Plaintiffs or anyone else, and although each paragraph contains the statutory definition of its respective allegation of fraud, "a formulaic recitation of the elements of a cause of action does not [satisfy the pleading standards]." *Hamilton*, 621 F.3d at 817-18 (citing *Iqbal*, 129 S. Ct. at 1949) (internal quotation marks omitted).

The Court therefore finds that the Amended Complaint fails to state a plausible cause of action because it does not set forth all of the required elements of mail fraud or wire fraud. *See Wisdom*, 167 F.3d at 406-07. Without the requisite elements of fraud, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (citation omitted) (internal quotation omitted).

**Rule 9(b)**

Even assuming, *arguendo*, that the Amended Complaint adequately sets forth the elements of fraud, the complaint must still be dismissed because it does not satisfy the particularity requirements of Rule 9(b).

As stated above, Rule 9(b) requires a plaintiff alleging fraud to plead the circumstances constituting fraud, including "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak*, 561 F.3d at 783 (citation omitted). "In other words, the complaint must plead the who, what, when, where, and how of the alleged fraud." *Id.* (citation omitted) (internal quotations omitted); *see also Crest*, 660 F.3d at 353.

Here, the Amended Complaint alleges that the false statements made to the credit reporting services involved debts allegedly owed by Plaintiffs and "thousands of other persons" to Hollywood Video. Although the complaint does not set forth the specific contents of the alleged false statements, most notably the amounts of the alleged debts, the Court finds that the Amended Complaint adequately pleads what was stated by Defendants. The Amended Complaint also pleads that Defendants were paid money, which they retained, by Plaintiffs and "other persons," but it does not state how much money was paid by Plaintiffs or any other person. However, the Amended Complaint fails to satisfy the remaining required elements of particularity of allegations of fraud.

With regards to when Defendants committed the alleged predicate acts of fraud in Count I, Plaintiffs allege the general time frame of "since at least 2008." This time frame encompasses over three years and Plaintiffs make no allegations in Count I that limits this time period. In Count I, Plaintiffs fail to specify a single date, month, or even a single year of a particular fraudulent act. *See Roberts v. Francis*, 128 F.3d 647, 651 (8th Cir. 1997) (finding "around

September 1994" sufficient to allege time period in fraud claim); *Crest Const. II, Inc. v. On Time Auto*, No. 07-0728-CV-W-DGK, 201 WL 3456690, at *5 (W.D. Mo. Aug. 27, 2010) (noting that 9(b) not satisfied where the complaint "fails to specify a single date" with respect to any allegation of fraud in RICO claim) *aff'd sub nom. Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir. 2011). The RICO claim provides no factual information from which the Court can determine when Defendants allegedly reported to various credit reporting services that Plaintiffs and "thousands of other persons" owed debts to Hollywood Video. The Court believes that the particularity requirement of Rule 9(b) mandates more than just a general allegation that fraudulent acts have been committed "since at least 2008."

Also, in Count I, Plaintiffs fail to allege where any of the alleged false statements took place or who made the allegations or who or what credit reporting service the allegations were made to. Plaintiffs allege only that "Defendants, through NCS" committed the fraudulent acts. *See Drobnak*, 561 F.3d at 783 (To satisfy Rule 9(b), the complaint must allege the identity of the person making the misrepresentation); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2nd Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'").

Although, the Court does not expect, at this early stage of litigation, for Plaintiffs to know the details of the alleged communications between Defendants and the credit reporting services, the Court believes that Plaintiffs, at the least, should be aware of such facts as when and how Plaintiffs had contact with Defendants, what the content of their communication with Defendants was, when and how they sent money to Defendants, what credit reporting services Defendants contacted, the amount of the alleged debt, and when Defendants reported the alleged debt to the credit reporting services or, at the least, when and how Plaintiffs became aware that Defendants reported the alleged debt to credit reporting services. *See Abels v. Farmers*

- 10 -

*Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001) (Court cannot reasonably expect highly specific allegations of alleged conversations between defendant and third party before at least allowing brief discovery).  Count I of the complaint contains no such information.

Furthermore, with respect to the alleged fraud concerning "other persons," Plaintiffs plead no facts relating to the basis of their belief that "other persons" have been affected by Defendants alleged fraudulent actions.  The Court acknowledges that when the facts constituting fraud are peculiarly within the opposing party's knowledge, such allegations may be pleaded on information and belief.  *Drobnak*, 561 at 783-84 (citations omitted).  In such circumstances, "Rule 9(b) is deemed satisfied if the allegations are accompanied by a statement of facts on which the belief is founded."  *Id.* (citations omitted).  However, even assuming that the allegations concerning "other persons" are pled on information and belief, Defendants provide no statement of facts on which their belief is based.  The Court therefore finds that Plaintiffs have failed to satisfy Rule 9(b) with respect to the allegations concerning "other persons."

Therefore, the Court finds that Count I of the Amended Complaint fails to adequately plead the circumstances constituting the alleged fraud.  Fed. R. Civ. P. 9(b).

**Pattern of Racketeering Activity**

As stated above, Plaintiffs must establish a pattern of racketeering activity which requires Plaintiffs to "show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."  *Northwestern Bell*, 492 U.S. at 239.  However, "[w]ithout an adequately detailed description of the predicate acts of mail and wire fraud, a complaint does not provide either the defendant or the court with sufficient information to determine whether or not a pattern of racketeering activity has been established."  *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir.1994).  Therefore, the Court finds that the complaint has failed to

establish a pattern of racketeering activity because it fails to adequately plead the predicate acts of fraud.

**Count II: Fraud**

Count II is a state law cause of action over which this Court does not have original jurisdiction. Having dismissed the only claim over which this Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law cause of action. *See* 28 U.S.C. § 1367(c)(3); *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005).

## Conclusion

For the reasons discussed above, the Court finds that Defendants' Motion to Dismiss the Amended Complaint should be granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the Amended Complaint is **GRANTED IN PART**. [Doc. 24].

**IT IS FURTHER ORDERED** that Count I of the Amended Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Court will not exercise supplemental jurisdiction over Count II of the Amended Complaint.


Dated this 22nd day of December, 2011

       /s/ Nannette A. Baker
      NANNETTE A. BAKER
      UNITED STATES MAGISTRATE JUDGE